UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON B.,

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. C24-5148 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

  Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting medical opinion evidence, failing to develop the record, and by rejecting Plaintiff's symptom testimony. Dkt. 6. Plaintiff argues the Court must remand this matter for an award of benefits, because if the improperly rejected medical opinion evidence were credited as true, the ALJ would have to find him disabled on remand. *Id*. at 15–16. Defendant agrees "the ALJ's decision contained legal discussed below," but contends remanding for further proceedings is the appropriate remedy. Dkt. 8. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

  Plaintiff is 47 years old, has at least a high school education, and has worked as an

infantry unit leader, personal clerk, construction worker, painter, and procurement clerk. Admin. Record (AR) 28. In May 2022, Plaintiff applied for benefits, alleging disability as of July 1, 2021. AR 72, 82. Plaintiff's application was denied initially and on reconsideration. AR 79, 89. After the ALJ conducted a hearing in October 2023 (AR 36–70), the ALJ issued a decision finding Plaintiff not disabled. AR 14–35. The ALJ determined Plaintiff has the residual functional capacity (RFC) to perform light work, though he is limited, in relevant part, to "occasional overhead reaching, bilaterally; frequent reaching in all other direction with the right upper extremity." AR 21–22.

## DISCUSSION

The only issue the Court must consider is whether this case should be remanded for further proceedings or for an award of benefits. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. And "[e]ven if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as

true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The parties agree the first step is met. Defendant concedes the ALJ erred in evaluating the medical opinions of Dr. Fry, who opined Plaintiff is limited in reaching in front and/or laterally with his right upper extremity, and Dr. Hale, who opined Plaintiff is limited to occasionally reaching with his right upper extremity. Dkt. 8 at 1, 4; AR 77, 87. Specifically, Defendant agrees that in rejecting their opinions for their inconsistency with the record, the ALJ failed to point to the specific records that support the ALJ's assessment that Plaintiff is able to frequently reach with his right arm in all directions. *See* Dkt. 8 at 3–4. However, the parties disagree as to the second step, where the Court must determine if further administrative proceedings would be useful by considering the following: "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *See Treichler*, 775 F.3d at 1103–04.

Plaintiff argues there are no outstanding issues to be resolved, therefore the Court must remand for an award of benefits. Dkts. 6 at 14–16; 9 at 4–7. Specifically, Plaintiff points out that if Dr. Fry's and Dr. Hale's improperly rejected medical opinions about Plaintiff's right arm limitations were credited as true, the ALJ would have to find him disabled on remand. *Id*. Plaintiff's argument relies on the VE's responses to the hypotheticals posed by the ALJ and Plaintiff's attorney regarding Plaintiff's manipulative limitations.[1] *See* AR 61–65. The ALJ first posed the following restrictions: light work, "[o]ccasional overhead reaching, frequent reaching

---

[1] The ALJ also posed hypotheticals with modified mental limitations, but the Court focuses on the manipulative limitations as they are what Plaintiff has raised in his argument.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

1 in all other directions with the right upper extremity." AR 61.  The VE responded an individual
2 with such limitations could perform the occupations of marker, routing clerk, and collator
3 operator, and the ALJ ultimately relied on this testimony in finding Plaintiff not disabled.  AR
4 29–30, 62.  The ALJ then modified the restrictions to the following: "frequent reaching in all
5 directions, including overhead with the left upper extremity." AR 62–63.  The VE answered
6 there would be no changes to the occupations provided.  AR 63.  The ALJ next provided the
7 following restrictions: "no overhead work or reaching, and kept it frequent with the left upper
8 extremity in all the directions, and … both right and left would be frequent in all other
9 directions." AR 63.  The VE answered that with those restrictions, the occupations previously
10 provided would remain, though possibly reduced.  *Id*.  The ALJ then again modified the
11 limitations to the following: sedentary work, "[n]o overhead work or reaching bilaterally," and
12 "[f]requent reaching in all other directions, bilateral upper extremities." AR 64.  The ALJ
13 provided the occupations of escort vehicle driver and document preparer.  *Id*.

14     Plaintiff's attorney then examined the VE and asked, "If we were to change the Judge's
15 hypotheticals to include *occasional* reaching, how would that affect your—" AR 65 (emphasis
16 added).  The VE replied, "That would eliminate the sedentary work, and it would eliminate the
17 light level work that I identified …" *Id*.  The VE proceeded, "That might eliminate work
18 altogether.  I mean, with the balance of the hypothetical, the other work that would be performed
19 at occasional reaching has more public interaction." *Id*.  According to Plaintiff, based on this
20 answer, the Court must remand for an award of benefits because the ALJ would have to find him
21 disabled on remand.  Dkts. 6 at 14–16; 9 at 4–7.

22     But as stated, before the Court can consider Plaintiff's request, it must first look into
23 whether there are outstanding issues requiring resolution.  *Leon*, 880 F.3d at 1046 ("A district

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

court cannot proceed directly to credit [improperly rejected evidence] as true and then look to the record to determine whether any issues are outstanding, as 'this reverses the required order of analysis.'") (quoting *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015)).  The Court finds there are.  First, reviewing the transcript, Plaintiff's attorney did not specify whether the individual in his hypothetical would be limited to occasionally reaching with both arms.  *See* AR 65.  Plaintiff maintains it was implied in the questioning, but the Court declines to infer about information that is not apparent on the record.  *See* Dkt. 9 at 6.  Even if Plaintiff's attorney had explicitly asked about occasional reaching with both arms, there remains uncertainty about whether Plaintiff's left arm is just as limited as his right.  Plaintiff himself pointed this out in arguing that the ALJ needed to further develop the record.  *See* Dkt. 6 at 5–9.  And perhaps as a result of this uncertainty, neither Plaintiff's attorney nor the ALJ specifically inquired the VE about occupations available if Plaintiff is able to use one hand more frequently than the other—for example, if Plaintiff is able to use his right arm occasionally but his left arm frequently.

There are also other inconsistencies throughout the record.  First, the opinions of Dr. Hale and Dr. Fry conflict in some respects with the opinion of Ms. Miller.  *Dominguez*, 808 F.3d at 409 (declining to move to third step of the credit-as-true analysis because improperly rejected medical opinion was inconsistent with reports of other physicians).  Though Ms. Miller assessed Plaintiff has reaching limitations due to his right shoulder's decreased range of motion and risk of re-injury, she did not opine the extent of those limitations.  *See* AR 1624.  Second, Plaintiff's testimony regarding his shoulders is undermined by some of the ALJ's cited evidence.  Plaintiff testified he is unable to reach overhead and reach out because both of his shoulders are always in pain, his right more so than his left.  AR 78.  There are treatment records, however, noting unremarkable findings or almost full strength with his right upper extremity.  *See, e.g.*, AR 618,

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

623. The resolution of these issues is within the ALJ's purview. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001).

In sum, the inconsistencies and conflicts discussed create "serious doubt as to whether [the] [c]laimant is, in fact, disabled." *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). Accordingly, the Court declines to proceed to the third step of the credit-as true-analysis and instead remands for further proceedings. *Treichler*, 775 F.3d at 1105 ("Where … an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the medical opinion evidence and Plaintiff's testimony, develop the record as necessary, and proceed with the remaining steps of the evaluation process.

DATED this 23rd day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE